Filed 3/3/25  P. v. Hunt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL AVERY HUNT,<br><br>Defendant and Appellant. | C100209<br><br>(Super. Ct. No. CR57914) |

Defendant Michael Avery Hunt appeals from the denial of his postconviction petition seeking resentencing pursuant to Penal Code section 1172.6 (statutory citations that follow are found in the Penal Code unless otherwise stated).  Counsel for defendant filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to exercise its discretion to review the entire record for arguable issues on appeal.  Defendant also filed a supplemental brief in propria persona.  We will affirm.

## I.    BACKGROUND

In September 1980, a jury found defendant guilty of robbery (§ 211) and first degree murder (§ 187, subd. (a).)  The jury found true a principal to the offense was armed with a firearm (§ 12022, subd. (a)(1)) and defendant personally used a firearm (§ 12022.5, subd. (a)).  The jury also found a special circumstance that the murder was committed during a robbery.  The trial court sentenced defendant to life in state prison without possibility of parole.

Defendant appealed and, in an unpublished opinion, we modified defendant's sentence but otherwise affirmed the conviction in *People v. Hunt* (Mar. 9, 1982, 3 Crim. 11199) [nonpub. opn.].)  In 2019, defendant filed a petition for resentencing under former section 1170.95 (now section 1172.6).  (*People v. Hunt* (Apr. 12, 2022, C092335) [nonpub. opn.].)  The trial court issued an order to show cause, conducted an evidentiary hearing, and denied the petition.  (*Ibid.*)  We affirmed denial of defendant's petition.  (*Ibid.*)  The California Supreme Court granted review and transferred the case to us with directions to vacate our previous decision and reconsider the case in light of Senate Bill No. 775 (Stats. 2021, ch. 551).  (*People v. Hunt* (Oct. 17, 2022, C092335) [nonpub. opn.].)  We reversed the trial court's order and remanded the matter for a new evidentiary hearing.  (*Ibid.*)

On October 18, 2022, the trial court issued an order to show cause why defendant should not be granted relief under section 1172.6.  The parties filed briefs as ordered by the court.

On December 18, 2023, the trial court conducted a hearing on defendant's petition. Defendant represented himself at the hearing pursuant to a motion under *Faretta v. California* (1975) 422 U.S. 806.

The trial court concluded, after reviewing the clerk's and reporter's transcripts from defendant's trial and all admissible evidence defendant submitted, the following findings of fact proved beyond a reasonable doubt:

"On January 15, 1980, [defendant] and Michael Rhinehart robbed [J.K.], the manager of the Stop and Shop, outside the store while [J.K.] was leaving with the bag containing the bank deposits around 4:30 p.m.  [¶]  [J.K.] was following his daily routine in which he would leave after his shift ended around 4:30 with a bag containing the day's cash which he would take to the bank to deposit.  [¶]  Rhinehart was pre-positioned by some trash bins and [defendant] was pre-positioned at a nearby phone booth.  [¶]  Both [defendant] and Rhinehart were carrying [a] loaded firearm.  [¶]  Neither Rhinehart nor [defendant] were wearing masks or otherwise attempted to disguise themselves.  [¶]  Almost immediately after Rhinehart first approached the victim with his gun drawn and told him by name to drop it, [defendant] came running up from a different direction, whereupon both [defendant] and Rhinehart shot the victim at very close

2

range.  [¶]  One of the two picked up the bag with the money in it, and both [defendant] and Rhinehart ran across a field to Rhinehart's waiting car where they sped away from the scene."

The trial court concluded that it could not determine beyond a reasonable doubt whether defendant or Rhinehart fired the fatal shot.  However, the court found that the People proved beyond reasonable doubt that the robbery and shooting were part of a premeditated plan to kill the victim to prevent identification and aid their escape, based on the facts that Rhinehart knew the victim, both defendants were armed, an employee at the market knew both defendant and Rhinehart, the robbery was timed for when the victim took cash receipts to the bank, and both defendant and Rhinehart were armed and started shooting immediately.  Accordingly, the trial court further found defendant knew Rhinehart intended to kill the victim, intended to aid and abet that conduct, and did aid and abet that conduct.  The court also found defendant and Rhinehart intended to kill the victim and acted with express and implied malice.

The trial court summarized its findings as follows:  the People proved beyond a reasonable doubt that:  (1) defendant "is guilty of felony first-degree premeditated murder under Penal Code Section 188 as a [*sic*] aider and abetter [*sic*]"; (2) "in the alternative, and even if there was no premeditation, [defendant] is guilty of second-degree murder under Penal Code Section 188 under both an expressed [*sic*] and implied malice theory as an aider and abetter [*sic*]"; (3) defendant "is guilty of first-degree felony murder under Penal Code Section 189 (e) (2) in that, in the perpetration of a robbery, and with intent to kill, [defendant] aided and abetted, and assisted, the actual killer in the commission of murder in the first degree"; and (4) defendant "is guilty of felony first-degree murder under Penal Code Section 189 (e) (3), as [defendant] was both a major participant in the robbery, and acted with reckless indifference to human life."

The trial court went on to reject defendant's objection to the People's presentation of a new theory at the hearing that defendant was a major participant in the underlying crime and acted with reckless indifference to human life (§ 189, subd. (e)(3)) and analyzed the factors set forth in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 supporting the court's determination that the People had proved this theory beyond a

3

reasonable doubt. The trial court also stated that it had considered defendant's youth—age 19 at the time of the crime—and determined that this factor did not outweigh the factors proving defendant was a major participant who acted with reckless indifference to human life.

The trial court denied the petition. Defendant filed a timely notice of appeal.

## II. DISCUSSION

Under *Delgadillo*, we must "evaluate the specific arguments presented in [defendant's supplemental brief]," but we are not compelled to undertake an "independent review of the entire record to identify unraised issues." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

Defendant states that he raises a single issue on appeal. He claims the People failed to prove beyond a reasonable doubt that defendant aided and abetted the actual killer or was a major participant in the underlying felony who acted with reckless indifference to human life, because the People "failed to prove that a perpetrator or coparticipant committed the fatal action and cause[d] the death of another person." Defendant argues that, since the trial court could not determine beyond a reasonable doubt who fired the fatal shot, "the evidence was legally insufficient to prove a perpetrator or coparticipant shot the victim in the back and caused his death." We disagree.

Defendant cites *People v. Vang* (2022) 82 Cal.App.5th 64. In *Vang*, this court held the term "actual killer" in section 189, subdivision (e), which itemizes three circumstances where a felony-murder conviction is valid, means "the person (or persons) who personally committed the homicidal act." (*Vang*, at p. 88.) Thus, the statute extends felony-murder liability only to "deaths directly caused by the defendant or an accomplice, as distinguished from the 'proximate cause' theory of felony murder, under which a defendant is responsible for any death that proximately results from the unlawful activity." (*Ibid.*)

Defendant interprets *Vang* to mean that the People could not show defendant was guilty of aiding or abetting murder beyond a reasonable doubt because they could not show that he or his codefendant personally killed the victim, given that the evidence could not establish which of them fired the fatal bullet. In effect, defendant argues there is no provable "actual killer" within the meaning of the statute when two persons fire at the victim and it cannot be

4

determined which of them fired the fatal bullet. So the argument goes, without an "actual killer" there is no perpetrator for defendant to aid and abet.

However, it is well established that the inability to determine which of two individuals who fired a gun at the victim caused his death does not equate to a lack of proof that either of them committed homicide. To the contrary, "it has long been recognized that there may be multiple proximate causes of a homicide, even where there is only one known actual or direct cause of death. (*People v. Sanchez* (2001) 26 Cal.4th 834, 846.) In *Sanchez*, it was not established whether Sanchez or a rival gang member fired the shot that killed an innocent bystander. (*Id.* at pp. 838, 845.) The California Supreme Court held that, although it could not be determined who was the actual shooter of the fatal round, the defendant's commission of life-threatening deadly acts "was a substantial concurrent, and hence proximate cause," of the victim's death. (*Id.* at pp. 848-849.) The court explained: " ' "There may be more than one proximate cause of death. When the conduct of two or more persons *contributes concurrently as the proximate cause of death*, the conduct of each is a proximate cause of death if the conduct was also a substantial factor contributing to the result." ' " (*Id.* at p. 847.)

In this case, the trial court found both defendant and Rhinehart were armed and both fired at J.K. from very close range. Under *Sanchez*, both defendant and Rhinehart proximately caused J.K.'s death. (*People v. Sanchez*, *supra*, 26 Cal.4th at pp. 847-849.) The amendments to the murder statutes identified in section 1172.6 did not impact this rule because proximate causation does not concern the imputed malice theory of criminal liability that is part of the natural and probable consequences doctrine of accomplice liability. (*People v. Carney* (2023) 14 Cal.5th 1130, 1145-1146.)

In any event, only two persons, Rhinehart and defendant, fired the shots that resulted in the victim's death. Thus, if defendant did not fire the fatal bullet, Rhinehart did. In that case, given the evidence of defendant's intent to kill, defendant aided and abetted murder and is ineligible for section 1172.6 relief. (§§ 189, subd. (e)(2), 1172.6, subd. (d)(3).) Moreover, section 189, subdivision (e)(3) does not require the evidence to establish defendant was either the actual killer or acted with intent to kill to find, as the trial court did here, defendant guilty

5

beyond a reasonable doubt of felony-murder as a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

Although defendant declares that his appeal is confined to this issue, he also raises "objections" to the statement of facts in appointed counsel's brief relating to whether defendant "shot [t]he victim at close range because it contains incorrect and misleading evidence." It is not clear what evidence defendant objects to since the statement of facts in appointed counsel's brief consists of a quotation of the trial court's factual findings and does not reference any evidence. Further, defendant cites to a motion in limine he filed in advance of the hearing to admit impeachment evidence, i.e., the prior inconsistent statement of a witness who testified at trial that defendant shot the victim. The trial court granted defendant's motion. Thus, it appears that the trial court considered the contrary evidence defendant proposed on the issue in concluding it could not be determined whether defendant or Rhinehart fired the fatal shot, but both of them shot the victim.

Defendant further objects to the statement of facts relating to whether defendant "had a preconceived and premeditated plan to kill the victim . . . ." Defendant argues that the jury's true finding on the felony-murder special circumstance constituted issue preclusion. The jury was instructed with CALJIC No. 8.81.17: "Murder committed while defendant was engaged in the commission of a robbery or the attempted commission of a robbery or while defendant was engaged in the immediate flight after the commission or attempted commission of a robbery has not been established where the defendant's initial, primary criminal goal was to kill the deceased and the robbery and attempted robbery was merely incidental to the killing." The jury found true "the alleged special circumstance, murder during the commission of a robbery . . . ." Defendant argues "the jury's finding on the special circumstance allegations precludes any issue of intent because the jury determine[d] [defendant]'s initial goal was not to the kill the victim."

Defendant misinterprets the robbery-murder special circumstance articulated in the paragraph of CALJIC No. 8.81.17. This paragraph of the instruction "is appropriate where the

6

evidence suggests the defendant may have intended to murder his victim without having an independent intent to commit the felony that forms the basis of the special circumstance allegation. In other words, if the felony is merely incidental to achieving the murder—the murder being the defendant's primary purpose—then the special circumstance is not present, but if the defendant has an 'independent felonious purpose' (such as burglary or robbery) and commits the murder to advance that independent purpose, the special circumstance is present." (*People v. Navarette* (2003) 30 Cal.4th 458, 505; *People v. Valdez* (2004) 32 Cal.4th 73, 113 [the purpose of the special circumstance is to single out those " 'defendants who killed in cold blood in order to advance an independent felonious purpose' "].) Accordingly, CALJIC No. 8.81.17 given at trial also instructed the jury: "A murder is not committed while defendant was engaged in the commission of a robbery . . . unless the defendant has killed in order to advance the independent felonious purpose of committing or attempting to commit robbery, including efforts to flee or to avoid being apprehended."

Thus, a jury's finding that the special circumstance was present did not constitute a conclusion that defendant did not intend to kill but only to rob the victim or that his primary purpose was to rob and not kill. Rather, as the trial court found, defendant and Rhinehart intended to rob the victim and murder him to facilitate the robbery, i.e., "to kill the victim to both prevent any identification, and to aid in their escape with the money." Such "concurrent intents to kill and to commit a felony . . . support a felony-murder special circumstance." (*People v. Monterroso* (2004) 34 Cal.4th 743, 767; see also *People v. Clark* (2011) 52 Cal.4th 856, 947 [concurrent intents to kill and rob will not render robbery merely incidental to the murder].) Further, " ' "[a] jury deciding the truth of a special circumstance allegation is not required to assign a hierarchy to the defendant's motives in order to determine which of multiple concurrent intents was 'primary.' . . ." ' " (*People v. Jackson* (2016) 1 Cal.5th 269, 345.) Whether the intent to steal was defendant's "primary or secondary motivation is inconsequential to the jury's finding of the robbery-murder special circumstance." (*Ibid.*)

## III.    DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1172.6 is affirmed.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　WISEMAN, J.*

We concur:

　/s/
HULL, Acting P. J.

　/s/　　　　　　　　　　　　　,
DUARTE, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.